# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## EASTERN DIVISION

**CHRIS A. TERRELL**                                                                             **PETITIONER**
Reg. #11847-064

**VS.**          **CASE NO.: 2:14CV00084 BSM/BD**

**USA**                                                                                                              **RESPONDENT**

## RECOMMENDED DISPOSITION

**I.**     **Procedure for Filing Objections**

The following Recommended Disposition ("Recommendation") has been sent to Chief United States District Judge Brian S. Miller. Any party may file written objections to this Recommendation.

Objections must be specific and must include the factual or legal basis for the objection. An objection to a factual finding must identify the finding believed to be incorrect and must describe the evidence that supports that belief.

An original and one copy of objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation. A copy will be furnished to the opposing party.

If no objections are filed, Judge Miller can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may also waive any right to appeal questions of fact.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## II. Background

In 1991, a jury in the Eastern District of Missouri found Petitioner Chris A. Terrell guilty of conspiracy to possess with intent to distribute methamphetamine. (Docket entry #1)  On May 10, 1991, the trial court sentenced Mr. Terrell to 40 years' imprisonment as a result of the conviction. Mr. Terrell appealed, and on June 8, 1992, the Court of Appeals for the Eighth Circuit affirmed the conviction and sentence. *United States v. England, et. al*, 966 F.2d 403 (8th Cir. 1992).

Since his conviction, Mr. Terrell has filed multiple petitions for writs of habeas corpus. First, he filed a petition under 28 U.S.C. § 2241, in the Western District of Tennessee. *Terrell v. Outlaw*, Case No. 2:04CV02822-BBD-tmp (W.D. Tenn., dismissed February 1, 2005). In that case, as here, Mr. Terrell failed either to pay the filing fee or to file an application to proceed *in forma pauperis*. Mr. Terrell raised the same claims he raises in the instant petition. *Id*. at docket entry #6. The Tennessee District Court dismissed Mr. Terrell's petition because he was clearly attacking his federal sentence, and under 28 U.S.C. § 2255, jurisdiction rested with the sentencing court. *Id*. at docket entry #6.

Next, Mr. Terrell filed a 28 U.S.C. § 2255 petition with the sentencing court. *Terrell v. United States*, Case No. 1:05CV00041 (E.D. Mo., dismissed May 10, 2005). The sentencing court denied the petition as time-barred. *Id*. at docket entry #2. Mr. Terrell appealed, but the Eighth Circuit summarily affirmed the dismissal. *Id*. at docket entry #9.

Undeterred, Mr. Terrell filed another petition under 28 U.S.C. § 2241 in the Western District of Tennessee. *Terrell v. Pearson*, Case No. 2:05CV02907-SHM-tmp (W.D. Tenn., dismissed June 12, 2006). In the petition, as here, Mr. Terrell argued that he could bring his claims under § 2241 based on the § 2255 "savings clause." *Id*. at docket entry #3. The district court described the petition as "duplicative and more frivolous than the first . . .". *Id*. at docket entry #3, p. 3. Ultimately, the district court noted that the petition was successive and dismissed it because Mr. Terrell had to bring his claims in the sentencing court under § 2255. *Id*. at docket entry #3.

Mr. Terrell is now incarcerated in the Federal Correctional Complex in Forrest City, Arkansas. On July 3, 2014, he filed the instant petition under 28 U.S.C. § 2241. (#1) As in his previous petitions, Mr. Terrell primarily raises a claim challenging the fact that the sentencing court, and not the jury, determined the amount of methamphetamine involved in his conspiracy. In addition, he argues that *Alleyne v. United States*, 570 U.S. __, 133 S.Ct. 2151 (2013) applies retroactively, thus allowing the petition to proceed. For the reasons that follow, the Court recommends DISMISSAL of the petition, without prejudice.

**III.     Jurisdiction**

In his petition (#1), Mr. Terrell unequivocally challenges his federal conviction. This Court lacks jurisdiction to address the issue because, under the circumstances, this claim can be addressed only by the sentencing court. 28 U.S.C. § 2255.

Generally, a federal inmate can challenge his conviction or sentence only with the sentencing court through a motion to vacate, set aside, or correct their sentence, under 28 U.S.C. § 2255 . *Lopez-Lopez v. Sanders*, 590 F.3d 905, 907 (8th Cir. 2010)(citing *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004), cert. denied, 545 U.S. 1147, 125 S.Ct. 2984 (2005)). A habeas corpus petition under 28 U.S.C. § 2241, on the other hand, attacks the execution of a sentence or the manner in which the sentence is being carried out. In habeas corpus proceedings, jurisdiction lies with the court presiding in the judicial district where the prisoner is being held. *Matheny v. Morrison*, 307 F.3d 709, 711-712 (8th Cir. 2002).

A district court cannot entertain a petition brought under § 2241 that challenges the sentence itself, "if it appears that the applicant has failed to apply for relief, by [§ 2255] motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by [§ 2255] motion is inadequate or ineffective* to test the legality of his detention." 28 U.S.C. § 2255(e)(emphasis added). This last clause is a provision generally referred to as § 2255's "savings clause." *Abdullah*, 392 F.3d at 959. Mr. Terrell argues the savings clause applies in this case.

To qualify for the savings clause, a petitioner must demonstrate that seeking relief from the sentencing court would be inadequate or ineffective. *Lopez-Lopez*, 590 F.3d at 907 (citing *Abdullah*, 392 F.3d at 959). This exception is a "narrowly circumscribed safety valve." *United States ex rel. Perez v. Warden, FMC Rochester*, 286 F.3d 1059, 1061-62 (8th Cir. 2002), cert. denied, 537 U.S. 869, 123 S.Ct. 275 (2002). The fact that an individual is barred from filing a § 2255 motion for procedural reasons does not render the remedy inadequate or ineffective. *Lopez-Lopez*, 590 F.3d at 907. Nor can the remedy be deemed inadequate or ineffective where a § 2255 motion was previously raised but rejected as a second or successive § 2255 motion. Similarly, the fact that a § 2255 motion is time-barred does not render the motion inadequate or ineffective. *Id*.

As Mr. Terrell surely knows, another § 2255 petition in the sentencing court could be both successive and time-barred, neither of which would render a § 2255 petition inadequate or ineffective. In addition, 28 U.S.C. § 2255 accounts for the exact claim Mr. Terrell puts forward to as qualifying under the savings clause.

Mr. Terrell argues that *Alleyne v. United States*, 570 U.S. __, 133 S.Ct. 2151 (2013) applies retroactively, thus allowing the petition to satisfy § 2255's savings clause. The one-year limitations period in § 2255 runs from the date on which the Supreme Court recognized and made retroactively applicable to cases on collateral review an asserted right. 28 U.S.C. § 2255(f)(3). *Alleyne* appears to be an extension of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), instead of a newly recognized right. In this case, it is the sentencing court, not this court, that would have jurisdiction to make that determination.

Mr. Terrell already filed at least one § 2255 petition, so he could face the additional hurdle that another petition would be successive. Section 2255 also accounts for that circumstance. But again, that is a matter that this court lacks jurisdiction to decide. Before a district court can consider a second or successive petition, a petitioner must first obtain authorization from the appropriate federal court of appeals. 28 U.S.C. § 2244(b)(3)(A). One of the grounds for this authorization is that the successive petition raises a new rule of constitutional law, made retroactively applicable to cases on collateral review. 28 U.S.C. § 2255(h)(2). The Eighth Circuit has not squarely addressed whether *Alleyne* applies retroactively. Mr. Terrell was convicted and sentenced in the Eighth Circuit, so this is an issue he must present to the Eighth Circuit Court before any district court could address it.

Because 28 U.S.C. § 2255 specifically addresses Mr. Terrell's savings clause argument, and because he has not raised the argument with the appropriate court of appeals or sentencing court, this Court lacks jurisdiction to entertain a challenge to his federal sentence under § 2241.

## IV. Conclusion

The court in this judicial district lacks subject matter jurisdiction over Mr. Terrell's 28 U.S.C. § 2241 petition for writ of habeas corpus, and this Court recommends that the petition (#1) be dismissed, without prejudice.

DATED this 14th day of July, 2014.

                                                                _____
                                                                UNITED STATES MAGISTRATE JUDGE